**Tinermalo TAU, Plaintiff–Appellant**

v.

**F/V SAINT JUDE, Joseph Malley, Jane Doe Malley, and Their Marital Community, Defendants–Appellees.**

No. 05–35765.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed April 16, 2007.

Joseph Williams, Esq., Anthony Martin Urie, Esq., Seattle, WA, for Plaintiff–Appellant.

Charles S. Jordan, Esq., Danielson Harrigan Leyh & Tollefson LLP, Seattle, WA, for Defendants–Appellees.

Before: O'SCANNLAIN and BERZON, Circuit Judges, and HADDON *, District Judge.

## MEMORANDUM **

Tinermalo Tau (Tau) appeals from the judgment of the District Court for the Western District of Washington granting Defendants/Appellants' motion for summary judgment. After Tau conceded that he was not entitled to recover on his claims for unseaworthiness, maintenance and cure, and negligence under the Jones Act, 46 U.S.C.App. § 688, the district court held that Tau was also not entitled to recover for negligence under general maritime law because he failed to show that the shooting that caused his injuries was foreseeable or that the Defendants/Appellants, Joseph and Joyce Malley (Malleys), failed to exercise reasonable care under the circumstances.

The maritime nature of Tau's remaining tort claim determines the choice of whether federal maritime or state tort law governs the merits. *See Christensen v. Georgia–Pacific Corp.*, 279 F.3d 807, 814 & n. 27 (9th Cir.2002). Although the parties

---

* The Honorable Sam E. Haddon, District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

suggested at oral argument that the tort claim is governed by maritime law under *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), the test for whether a claim is maritime in nature has changed since *Kermarec* was decided. More than that an injury happened aboard a ship on navigable waters is now required. In addition to a location test, a tort must be adequately connected to maritime commerce and traditional maritime activity to constitute a maritime tort. *Compare Kermarec*, 358 U.S. at 628, 79 S.Ct. 406 *with Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531–34, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995) and *Sisson v. Ruby*, 497 U.S. 358, 360–67, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990).

Whether, under the current applicable test, the tort claim falls under maritime law is an exceedingly close question and one we need not resolve for jurisdictional purposes, as the complaint also alleged a Jones Act violation, which was sufficient to confer original jurisdiction on the district court. As to the merits, the same result is obtained under maritime or state law, as we shall explain. Consequently, we need not resolve whether or not this case is governed by maritime law.

### I. Federal law

Tau advances negligence, strict vicarious, and strict liability theories for an employee's assault. Tau's claims fail under federal law. There is no maritime theory of strict liability or negligence *per se* under which the Malleys could be liable for Tau's injuries. *See Morton v. De Oliveira*, 984 F.2d 289, 291–92 (9th Cir.1993). The remaining questions are whether the Malleys owed Tau a duty of reasonable care and whether they breached that duty. *Catalina Cruises, Inc. v. Luna*, 137 F.3d 1422, 1425 (9th Cir.1998) (*citing Kermarec*, 358

U.S. at 630, 79 S.Ct. 406). Assuming there existed such a duty, Tau has failed to show that the Malleys are liable for his injuries because there is no evidence that the Malleys knew of the assailant's dangerous tendencies or that it was foreseeable he would harm someone. *See Stechcon v. United States*, 439 F.2d 792, 793 (9th Cir.1971) (per curiam).

### II. State law

Tau's claims also fail under state law. Tau's negligent supervision or hiring theory fails because there is no evidence that Malleys knew or should have known of the assailant's dangerous propensity, even if they knew of—and negligently failed to prevent—the assailant's drunkenness. *Niece v. Elmview Group Home*, 131 Wash.2d 39, 48–49, 929 P.2d 420 (1997); *cf. Christen v. Lee*, 113 Wash.2d 479, 498, 780 P.2d 1307 (1989).

Tau's vicarious liability theory also fails because there appears to be no evidence that the assailant's actions were taken within the scope of his employment. *See Robel v. Roundup Corp.*, 148 Wash.2d 35, 53, 59 P.3d 611 (2002); *McCall v. United States*, 338 F.2d 589, 593–94 (9th Cir.1964).

Finally, in his briefs, Tau also raised a negligence *per se* argument based upon the alleged violation of certain federal drug statutes. As this claim was not raised in the trial court, we do not consider it on appeal.

### AFFIRMED.